**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Rafi Hasbani, Esq.
*Counsel for Plaintiff* NDF1, LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NDF1, LLC.,                                             Case No.:

                                                        **COMPLAINT**

                   Plaintiff,

        -against -

SALEHA ISLAM; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; CITY OF NEW YORK DEPARTMENT OF PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                                 Defendants.
-------------------------------------------------------------------X

Plaintiff, NEW DAY FUNDING, LLC by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1.      This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 1829 Topping Avenue, Bronx, NY 10457, known on the Bronx County Tax Map as Block 2800 Lot 41 in the County of Bronx and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

**PARTIES**

1. NDF1, LLC. ("NDF1" or "Plaintiff") is a limited liability company organized under the laws of the State of Florida. NDF1 is a limited liability company whose members are lawfully admitted for permanent residence in the United States and are domiciled in the State of Florida.

2. Saleha Islam ("Islam") is an individual who is a citizen of the State of New York. Fasullo, upon information and belief has an address of 1829 Topping Avenue, Bronx, NY 10457. Islam is a necessary party to this action because she is a obligor under the Note and the owner of the Property.

3. New York City Environmental Control Board is a judgment creditor. New York City Environmental Control Board is a citizen of New York. New York City Environmental Control Board is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. Attached as **Exhibit D** is a true and correct copy of the judgment.

4. New York City Parking Violations Bureau is a judgment creditor. New York City Parking Violations Bureau is a citizen of New York. New York City Parking Violations Bureau is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. Attached as **Exhibit D** is a true and correct copy of the judgment.

5. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

6. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

9. On or about June 7, 2006, as evidence of a loan in the amount of $77,250.00 (the "Loan"), Islam executed and delivered to Accredited Home Lenders, Inc. ("Lender") a note dated the same day (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, Islam promised to pay Lender, or the subsequent holder of the Note the principal sum of $77,250.00. *See* **Exhibit B**.

10. In order to collaterally secure the aforesaid Loan, Islam duly executed, acknowledged and delivered a mortgage to Lender (the "Mortgage"). A copy of the recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage was recorded on July 18, 2006 in Bronx County Tax Map as Block 2800 Lot 41. The Mortgage encumbers the Property. *See* **Exhibit C**.

11. The Note and Mortgage were assigned to Plaintiff as evidenced by the Allonges to the note.

12. Pursuant to the Mortgage, in any lawsuit for foreclosure, Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Fasullo owes Lender which fees shall become part of the sums secured. *See id*.

13. NDF1, LLC is the current owner of the Note by virtue of its physical possession of the wet-ink Note. Therefore, NDF1, LLC is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

14. Islam defaulted under the terms of the Note and Mortgage by not making payments when due. (the "Default"). *See* **Exhibits B** and **C**.

15. On June 14, 2022, NDF1, LLC complied with the contractual provisions in the Note and Mortgage by mailing a 30 Day Notice (the "Default Notice") to Islam advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit E** is a copy of the Default Notice.

16. On June 14, 2022, NDF1, LLC complied with the requirements of RPAPL § 1304 by mailing a 90 Day Notice (the "90 Day Notice") to Borrowers advising of possible legal action if the default under the Note and Mortgage together was not cured. Attached hereto as **Exhibit F** is a copy of the 90 Day Notice.

17. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance plus interest is $142,738.86 plus all other fees and charges that may apply pursuant to the Note and Mortgage.

18. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

19. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

20. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

21. Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

22. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges all of the above allegations in paragraphs 1 – 20 as if again set forth. By reason of the aforesaid provisions set forth in the Note and Mortgage, there is

due and owing the plaintiff from defendants Fasullo, reasonable attorneys' fees, plus costs and disbursements, for which demand is hereby made.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

b) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: November 16, 2022
New York, New York

By:    <u>*/s/ Rafi Hasbani*</u>
      Rafi Hasbani, Esq.
      *Attorneys for Plaintiff* NDF1, LLC.,
      450 Seventh Avenue, Ste 1408
      New York, New York 10123
      rhasbani@hasbanilight.com
      Tel: 212.643.6677